UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                     CASE NO.: 23-cr-20426-BECERRA

    Plaintiff,

v.

ANDRES PEREYRA,

    Defendant.

_____/

### DEFENDANT, ANDRES PEREYRA'S, OBJECTIONS TO FINAL PSR AND RESPONSE TO UNITED STATES' OMNIBUS RESPONSE TO DEFENDANTS' PRESENTENCE REPORT OBJECTIONS

The Defendant, **ANDRES PEREYRA**, by and through his undersigned counsel, files his Objections to the Final PSR, DE 88-2, and Response to the United States' Omnibus Response to Defendants' Presentence Report Objections ("Response") [DE 83]. In support thereof, Defendant states:

***The Government Cannot Establish a Basis for Reckless Endangerment During Flight Enhancement***

The Government has admitted in its Response that "based on the facts of this case, the United States would not be able to meet its burden for this enhancement to apply." DE 83, at 7. Nevertheless, Probation insists this issue remains "unresolved." *See* DE 88-2, at 2.

The burden to establish the application of a reckless endangerment enhancement pursuant to USSG § 3C1.2 at sentencing lies with the government, who must demonstrate, by a preponderance of the evidence, that the defendant's conduct satisfies the standard set forth in Application Note 5 of USSG § 3C1.2. *United States v. Sigler*, 350 Fed. Appx. 356, 358 (11th Cir. 2009). Specifically, the

1


QUINTERO BROCHE™
75 Valencia Avenue · Suite 800 · Coral Gables, Florida 33134
Tel: (305) 446-0303 · Fax: (305) 446-4503

government must show that the defendant either directly engaged in, or actively aided or abetted, counseled, commanded, induced, procured, or willfully caused another to engage in, conduct that recklessly created a substantial risk of death or serious bodily injury to another person during flight from law enforcement. *Id. (citing USSG § 3C1.2, App. 5); see also United States v. Johnson*, 694 F.3d 1192 (2012).

The Government is unable to establish that Mr. Pereyra "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing." *See DE 83 at 6-7.* The Government has admitted that it will not be able to establish which defendant was piloting the vessel. Moreover, the government explained that at the time warning shots were fired to make the GFV stop, the United States Coast Guard boarding team was a distance away. *Id.*

Accordingly, the 2-level reckless endangerment enhancement does not apply. *Id. at 7.*

### *Mitigating Role Adjustment is Warranted*

The Government posits that the three defendants played comparable and equally essential roles in the criminal offense charged. *See DE 83, at 3.* The Government's position, however, ignores the other factors identified in §3B1.2, Application Note 3(C); namely, the degree to which Mr. Pereyra understood the scope and structure of the criminal activity; the degree to which Mr. Pereyra participated in planning or organizing the criminal activity; the degree to which the defendant stood to benefit from the criminal activity; and the degree to which the defendant exercised or influenced any decision-making authority.

Mr. Pereyra did not recruit, or even know, any of the co-defendants prior to boarding the GFV. In fact, the Defendant was recruited by others to serve as a simple crewmember for the GFV and was offered pay for that task.

2

Moreover, Judges in this district have awarded minor role reduction in cases with facts much like this one.  For example:

### *United States v. Julio Jose Hernandez-Olaya, 21-cr-20438-BB*.

The PSR applied a Total Offense Level 35, criminal history category 1, resulting in a guidelines range of 168-210 months' imprisonment.  *DE 63, PSR ¶30.*

Defense counsel objected, arguing that Hernandez-Olaya should have received a minor role reduction (2 levels) and a safety valve adjustment (2 levels) pursuant to USSG §5C1.2, which would put Mr. Hernandez-Olaya at a total offense level of 27 with a guideline range of 70-87 months.[1]  *DE 71, Defendant's Objections to PSR.*

Probation and the Government later agreed that Mr. Hernandez Olaya was entitled to a safety valve adjustment, *DE 73-1, Addendum to PSR, at p. 1,* but denied that Hernandez Olaya was entitled to a minor role reduction. *Id. at p. 2.*

***The Court applied the minor role reduction and sentenced Hernandez Olaya to 70 months followed by 2 years supervised release.***  *DE 82.*

### *United States v. Alexander Ramos Castillo, 16-cr-20060-RNS*.

The initial PSR applied a Total Offense Level 23, criminal history category 1 (guideline range 46 to 57 months).[2] *DE 44, Draft PSR ¶46.*

Defense counsel objected and argued Mr. Ramos Castillo was entitled to a mitigating role reduction, which would put Ramos Castillo at a total offense level 21, criminal history 1, with a guideline range of 37 to 46 months.

***The Court sentenced Ramos Castillo to 41 months.*** *DE 89.*

---

[1] With a minor role reduction and safety valve adjustment, Hernandez Olaya's total offense level would be 27, i.e., Base offense level 38 (-4, pursuant to USSG §2D1.1(a)(5), because minor role reduction applied) (-2 minor role reduction) (-3 acceptance of responsibility under §3E1.1(a) and §3E1.1(b)) and (-2 safety valve) for a total offense level of 27.  *See DE 71 at 4.*

[2] In this case, the draft PSR put Defendant at a total offense level 23 because Defendant was given a 1 level safety valve reduction.  DE 44. *See* DE 44, at ¶20.  Probation subsequently filed an updated PSR, DE 65, that did not give Defendant the 1-level safety valve reduction, taking Defendant's total offense level to 24. *See* DE 65, ¶¶ 19, 20.



QUINTERO BROCHE™

75 Valencia Avenue · Suite 800 · Coral Gables, Florida 33134
Tel: (305) 446-0303 · Fax: (305) 446-4503

*__Moises Adon Fajerdo-Pena, 22-cr-20415-KMW__*.

The PSR calculated Defendant's total offense level at 19 with a guideline range of 30 to 37 months.

Defense counsel argued that a 2-level minor role reduction was warranted, bringing the total offense level to 17 with a guideline range of 24 to 30 months.

*__Defendant was sentenced to time served (approximately, 16.5 months).__*

In each of the cases referenced above, the defendant was sentenced to the lower end, or within the guideline range proposed by Defense counsel based on either application of a minor role reduction or a downward variance in light of the defendant's minor role.

## CONCLUSION

**WHEREFORE**, for the reasons detailed herein and in Defendant's Objections DE 69, the Defendant, ANDRES PEREYRA, respectfully prays that this Honorable Court adopt Mr. Pereyra's objections to the Presentence Investigation Report, apply a minor role reduction, and find that the guidelines range applicable herein is a level 24, criminal history category I, resulting in a range of 51 to 63 months, and sentence the Defendant to less than 51 months imprisonment by granting him a variance as more fully argued in Defendant's objections at section III, as well as any other relief the Court deems appropriate under the circumstances.

Mr. Pereyra and Counsel thank this Court for considering his objections to the Presentence Investigation Report (PSR), and Sentencing Memorandum. Counsel will have further remarks at the time of sentencing.

Respectfully submitted,



QUINTERO BROCHE™
75 Valencia Avenue · Suite 800 · Coral Gables, Florida 33134
Tel: (305) 446-0303 · Fax: (305) 446-4503

**QUINTERO BROCHE, P.A.**
*Attorneys for Andres Pereyra*
75 Valencia Ave., 8th Floor
Coral Gables, Florida 33134
Tel.:    (305) 446-0303
Fax:    (305) 446-4503


By:    /s/FRANK QUINTERO, JR.
        FRANK QUINTERO, JR.
        Florida Bar No.: 399167


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed via ***CM/ECF*** this 11th day of November 2024, and a copy served upon all counsel of record.

Respectfully submitted,


By:    /s/FRANK QUINTERO, JR.
        FRANK QUINTERO, JR.
        Florida Bar No.: 399167



QUINTERO BROCHE™
75 Valencia Avenue · Suite 800 · Coral Gables, Florida 33134
Tel: (305) 446-0303 · Fax: (305) 446-4503