UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          CASE NO.: 23-cr-20426-BECERRA

      Plaintiff,

v.

ANDRES PEREYRA,

      Defendant.

_____/

### DEFENDANT ANDRES PEREYRA'S SUPPLEMENTAL OBJECTIONS TO THE SECOND AMENDMENT TO PRESENTENCE REPORT AND MOTION TO STRIKE THE PROBATION OFFICER'S OPINIONS THEREIN

Defendant, **ANDRES PEREYRA**, by and through undersigned counsel, respectfully files his supplemental objections to the Second Addendum to Presentence Report (hereinafter "PSR"), DE 88-2, and moves to strike the opinions and legal arguments presented by the probation officer pursuant to Fed. R. Crim. P. 32. and the Due Process Clauses of the Fifth and Fourteenth Amendments. In support thereof, Defendant states:

On or about November 5, 2024, the probation officer filed the Second Addendum to the Presentence Report in this case. *See D.E. 88-2.*

The probation officer's Addendum includes opinions, and impermissible advocacy regarding departures and variances, which violate principles of separation of powers and due process. Despite the Government's acknowledgement that it cannot meet its burden for a reckless endangerment enhancement pursuant to USSG §3C1.2, the probation officer insists this issue remains "unresolved." *See DE 88-2, at 2.* The probation officer's stance is in violation of the authority conferred to the probation officer under Rule 32 and in violation of the Defendant's due process rights.



Where a prosecuting attorney makes clear the Government's inability to prove its burden, the probation officer is in no position to suggest otherwise.  In doing so, the probation office is no longer "a neutral branch of the judiciary," and oversteps the authority conferred to the position under Rule 32 and violated the Defendant's due process rights under the Fifth and Fourteenth Amendments.[1]

### I. THE PROBATION OFFICER'S OPINION THAT THE RECKLESS ENDANGERMENT ENHANCEMENT REMAINS AT ISSUE "CROSSED THE LINE INTO IMPERMISSIBLE ADVOCACY" AND VIOLATED THE DEFEENDANT'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS

The probation officer opines that a reckless endangerment enhancement is still at issue despite the Government's admission that "based on the facts of this case, the United States would not be able to meet its burden for this enhancement to apply." DE 83, at 7.  Neither Fed. R. Crim. P. 32 or Fed. R. Crim. P. 35, or current case law in this circuit authorizes a probation officer to opine regarding the Government's ability to meet its burden as to an enhancement.  The reason for this is simple, the probation officer is not a Government lawyer, and is not even a lawyer, with full knowledge of the evidence in its possession and a working understanding of the law and its burden. Thus, the probation officer's opinion on this issue should be stricken as well.

### II. MEMORANDUM OF LAW

The primary function of the probation department in the preparation of a presentence investigation report is to provide the sentencing judge with objective and accurate information relating to the defendant.

---

[1] *See,* Ricardo Bascuas, The American Inquisition:  Sentencing After the Federal Guidelines, 45 Wake Forest Law Review, 1, 69 (2008*)* (An inquisitorial system is one in which government officials actively investigate factual and legal issues and resolve them. Thus, present-day federal sentencing is very much in the model of an inquisitorial system where "…a court inquisitor is tasked to investigate defendants, create the official version of the facts without evidentiary restrictions, calculate Guideline ranges, and advocate for particular sentences – activities incompatible with the neutrality the Constitution presupposes the federal judiciary will keep.) *Id. at 4 (2008).*



QUINTERO BROCHE ™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446–0303 • Fax: (305) 446–4503

Fed. R. Crim. P. 32(c); *United States v. Hogan,* 489 F.Supp. 1035, 1037 (W.D. Wash. 1980). In the context of a presentence report, "certain language may stray sufficiently far from the essential purpose of analyzing the departure grounds to constitute excessive, and impermissible advocacy or argument." *United States v. Sifuentez,* 30 F.3d 1047,1049 (9th Cir. 1994*); see also, United States v. Villa,* 168 F. App'x. 757 (9th Cir, 2006). As Judge Lawson stated in his concurring opinion in *United States v. Espalin,* 350 F.3d 488 (6th Cir, 2003*):*

> When a probation officer deliberately omits or mischaracterizes relevant facts, or intentionally misstates the law, or has an interest in the outcome of the case or some other conflict of interest, there likely would be a basis to question the probation officer's objectivity. Similarly, if the probation officer excludes or ignores competing arguments, he or she would not be doing the job expected by the sentencing court. But even then, the adversary system contains safeguards that protect the defendant's interest in bringing forth facts that give an accurate picture to the sentencing judge. *See,* Fed. R. Crim. P. 32(f)(1*)* (2002) (allowing the parties to "state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report"); 32(i)(1)(C) (requiring the sentencing court to "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence"). When the recommendation is based fairly on the facts and dispassionately traces its way through the law to a sensible conclusion, the requirement of neutrality has been met.

*Id*. at 495-496.

In the instant case, the probation officer is in no position to conclude that the reckless endangerment enhancement is still at issue once the Government admits it would be unable to meet its burden.

It should be noted that, Fed. R. Crim P. Rule 32(d)(1)(D), authorizes a probation officer in preparing a Presentence Report (PSR) to **identify** any factor relevant to (1) the appropriate kind of sentence, or (2) the appropriate sentence within the guideline range; and Rule 32(d)(1)(E), authorizes the probation officer to **identify** any basis for **departing** from the applicable sentencing range. Rule 32(i)(1)(c) requires the sentencing court to "allow the **parties' attorneys** to comment on the probation

QUINTERO BROCHE ™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

officer's determinations and other matters relating to an appropriate sentence." While a probation officer is authorized to identify any factor relevant to sentences, it is not authorized under either Federal Rule 32 or 18 U.S.C. §3553, to opine on a defendant's request and basis for downward departure or variance. That is the role of the Government prosecutor.

### III. CONCLUSION

This Court should strike the opinion and conclusion of the probation officer as they relate to the reckless endangerment enhancement or, in the alternative, order a new Addendum to the Presentence Report to be conducted by a different probation officer who can provide the Defendant with a full, fair and impartial report and that any opinions and/or conclusions be supported by facts and current law on the issues.

**WHEREFORE,** Defendant, **ANDRES PEREYRA,** respectfully prays that this Honorable Court will grant the relief requested herein, and for any other relief the Court deems proper and just under the circumstances.

*(Certificate of Service on Next Page)*



QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446–0303 • Fax: (305) 446–4503

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed via *CM/ECF* this 14th day of November 2024, and a courtesy copy of the foregoing furnished via email to all counsel of record.

Respectfully submitted,

**QUINTERO BROCHE, P.A.**
*Attorneys for Enrique Luis Nuñez Crespo*
75 Valencia Ave., Suite 800
Coral Gables, Florida 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail:eservice@quinterolaw.net
          fquintero@quinterolaw.net


BY: */s/ Frank Quintero, Jr.*
      FRANK QUINTERO, JR.
      Fla. Bar 399167

5

QUINTERO BROCHE™
75 Valencia Avenue · Suite 800 · Coral Gables, Florida 33134
Tel: (305) 446–0303 · Fax: (305) 446–4503